**FILED**
4/18/2025 TD
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AO 91 (Rev. 11/11) Criminal Complaint  AUSA Branka Cimesa (312) 353-3360

# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| UNITED STATES OF AMERICA | CASE NUMBER: 25 CR 209 |
|---|---|
| v. | |
| EDGAR ARELLANO ROSALES | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about April 17, 2025, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) and Title 6, United States Code, Section 202(4) | Being an alien who previously had been deported and removed from the United States on or about March 7, 2005, was found in the United States without previously having obtained the express consent of the Secretary of the Department of Homeland Security, for reapplication by defendant for admission into the United States |

This criminal complaint is based upon these facts:

 X   Continued on the attached sheet.

JAN MARKIEWICZ
Special Agent
Homeland Security Investigations

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: April 18, 2025

*Judge's signature*

City and state: Chicago, Illinois

Daniel P. McLaughlin, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

I, JAN MARKIEWICZ, being duly sworn, state as follows:

1. I am a Special Agent with the Homeland Security Investigations (HSI), and have been so employed since approximately April of 2006. As part of my duties as Homeland Security Investigations Special Agent, I investigate criminal violations relating to narcotics trafficking, money laundering, immigration, and other financial offenses. I have received training concerning immigration-related laws, policies, and procedures, including those related to the reentry of previously removed aliens.

2. This affidavit is submitted in support of a criminal complaint alleging that EDGAR ARELLANO ROSALES has violated Title 8, United States Code, Section 1326(a) and Title 6, United States Code, Section 202(4). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging ARELLANO ROSALES with illegal reentry, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. This affidavit is based on my personal knowledge, information provided to me by other law enforcement agents and by other persons identified in this affidavit; and my review of records maintained by HSI, other components of the Department of Homeland Security ("DHS"), and other government agencies.

4. According to DHS records, ARELLANO ROSALES is a native and citizen of Mexico and has no claim to United States citizenship or lawful residence. DHS records reflect that defendant was born in Mexico in 1978.

5. According to DHS records, ARELLANO ROSALES was put in removal proceedings in 2005 for entering the United States without inspection and ordered removed for a period of 20 years by a United States Immigration Judge on or about March 7, 2005.

6. Records maintained by DHS reflect that on or about March 7, 2005, ARELLANO ROSALES was deported to Mexico from the port of Laredo, Texas by a designated immigration official. Additionally, DHS records reflect that defendant has not applied for or received permission to reenter the United States.

7. On or about April 17, 2025, in Lyons, Illinois, HSI Task Force Officers effectuated an investigative traffic stop on a vehicle driven by ARELLANO ROSALES based on a malfunctioning taillight.

8. ARELLANO ROSALES was subsequently transported to the ICE Enforcement and Removal Operations Office in Chicago, where he was processed and fingerprinted. HSI law enforcement officials electronically uploaded ARELLANO ROSALES's fingerprints into the Federal Bureau of Investigation's Integrated Automated Fingerprint Identification System ("IAFIS"). The fingerprints were then electronically uploaded and compared in the DHS Automated Biometric Identification System (IDENT). The IDENT system revealed that ARELLANO ROSALES is the same person who was removed from the United States to Mexico on or about March 7, 2005.

9. ARELLANO ROSALES was asked by HSI agents during processing if he was ever deported. ARELLANO ROSALES admitted that he was deported through the port of Laredo, Texas on March 7, 2005. ARELLANO ROSALES also admitted to crossing into the United States, without inspection, on or about January 15, 2025.

10. Based on the foregoing, I respectfully submit that there is probable cause to believe that ARELLANO ROSALES, being an alien who previously was deported from the United States on March 7, 2005, was present and found in the United States without previously having obtained the express consent of the Secretary of the Department of Homeland Security, for reapplication by defendant for admission into the United States, in violation of Title 8, United States Code, 1326(a), and Title 6, United States Code, Section 202(4).

FURTHER AFFIANT SAYETH NOT.

JAN MARKIEWICZ
Special Agent
Homeland Security Investigations

SWORN TO AND AFFIRMED by telephone April 18, 2025.

Honorable Daniel P. McLaughlin
United States Magistrate Judge

3